**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

GREGORY L. MCDOUGALL,
Plaintiff,

Case No. ____________________

v.

BERNARD FRONZAGLIO,
in his individual capacity,
and CITY OF MAPLE HEIGHTS, OHIO,
Defendants.

**COMPLAINT FOR DAMAGES**
**DEMAND FOR JURY TRIAL**

Plaintiff Gregory L. McDougall, through counsel Rosel C. Hurley III of Wikk Law, brings this action under 42 U.S.C. § 1983 against Bernard Fronzaglio in his individual capacity and the City of Maple Heights, Ohio, and alleges as follows:

## Nature of the Action

1. This action seeks damages for physical injuries and related harm caused by the excessive force Defendant Fronzaglio used when he twisted Plaintiff's arm behind his back and forced him face-first to the ground during an encounter in Maple Heights, Ohio, on November 20, 2024. Plaintiff also alleges that the City's deliberately indifferent failure to train its officers in the use of force caused this constitutional injury.

2. Plaintiff challenges the amount and manner of force used against him under the Fourth Amendment. Plaintiff discloses below the related criminal convictions and seeks only civil relief legally available in light of those judgments.

## Jurisdiction and Venue

3. This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3) because this action arises under the United States Constitution and 42 U.S.C. § 1983.

4. Venue is proper under 28 U.S.C. § 1391(b)(2) because the events giving rise to this claim occurred in Maple Heights, Cuyahoga County, Ohio, within this District. Assignment to the Eastern Division is proper because those events occurred in Cuyahoga County.

## Parties

5. Plaintiff Gregory L. McDougall is a natural person who, on November 20, 2024, worked as the manager of the Marathon gas station at Lee Road and Raymond Street in Maple Heights, Ohio.

6. At all relevant times, Defendant Bernard Fronzaglio was a police officer employed by the City of Maple Heights, Ohio. He exercised police authority during the encounter alleged in this Complaint and acted under color of Ohio law.

7. Defendant Fronzaglio is sued in his individual capacity for his own conduct. His official business address is the Maple Heights Police Department, 5373 Lee Road, Maple Heights, Ohio 44137.

8. Defendant City of Maple Heights, Ohio (the City), is an Ohio municipal corporation that operates the Maple Heights Police Department and is responsible for its municipal police training policies and practices. Its municipal offices are located at 5353 Lee Road, Maple Heights, Ohio 44137.

## Facts of the Encounter

9. Around noon on November 20, 2024, police officers and emergency medical personnel were responding to a traffic collision near the intersection of Lee Road and Raymond Street.

10. A fuel tanker truck was waiting near the intersection to deliver fuel to the Marathon station where Plaintiff worked. Assisting with fuel deliveries was among Plaintiff's responsibilities as manager.

11. Plaintiff went outside after hearing an exchange between Defendant Fronzaglio and the tanker driver. Plaintiff assisted the driver in bringing the truck from the street into the station parking lot.

12. Defendant Fronzaglio told Plaintiff to get out of the street, accused him of jaywalking, and threatened to take him to jail. Plaintiff walked from the street onto the sidewalk.

13. Defendant Fronzaglio followed Plaintiff onto the sidewalk and demanded his identification for jaywalking. Defendant Fronzaglio then grabbed Plaintiff's arm.

14. Plaintiff stated that he did not have his identification on him and offered to retrieve it. Defendant Fronzaglio refused and directed Plaintiff to sit down. Plaintiff did not sit and continued walking toward the store.

15. Before Defendant Fronzaglio initiated the takedown, Plaintiff had not struck, threatened, or grabbed Defendant Fronzaglio or anyone else. Plaintiff alleges that the video depicts him continuing toward the store rather than committing an act of physical aggression.

16. Defendant Fronzaglio grabbed Plaintiff's arm, twisted it behind his back, and forced Plaintiff face-first to the ground. Plaintiff alleges that this takedown caused physical injury.

17. During the takedown and ensuing restraint, Defendant Fronzaglio directed Plaintiff to give him his arms and stated that Plaintiff was detained. Defendant Fronzaglio subsequently stated that Plaintiff was under arrest.

18. When Plaintiff asked the reason for the arrest, Defendant Fronzaglio referred to the identification demand and jaywalking.

19. Defendant Fronzaglio's body-worn camera recorded the encounter. The recording was admitted as Joint Exhibit A in the criminal trial. The sequence involving Defendant Fronzaglio grabbing Plaintiff's arm, twisting it behind his back, and bringing him to the ground is described in the appellate brief at approximately 0:30 through 0:59 of that recording.

20. Plaintiff alleges that the forceful, face-first takedown was disproportionate to the circumstances confronting Defendant Fronzaglio, considering the suspected offenses, Plaintiff's movement onto the sidewalk, his offer to retrieve identification, the absence of any immediate threat, and the nature of Plaintiff's conduct before the takedown.

21. Plaintiff suffered physical injuries and pain from the takedown. He also reports emotional distress arising from the encounter and is undergoing therapy in connection with the injuries and effects of the incident.

**Related Criminal Proceedings**

22. Criminal complaints dated November 21, 2024 charged Plaintiff with jaywalking, failure to disclose personal information, misconduct at an emergency, obstructing official business, and resisting arrest.

23. Following a jury trial in Garfield Heights Municipal Court beginning April 28, 2025, Plaintiff was acquitted of jaywalking, failure to disclose personal information, and misconduct at an emergency. Judgments of conviction were entered for resisting arrest and obstructing official business.

24. Plaintiff was sentenced on May 1, 2025 and served time in jail. The court granted a sentence modification and released him on June 26, 2025, placing him on inactive probation with time to pay fines and costs.

25. Plaintiff appealed the convictions in City of Maple Heights v. Gregory L. McDougall, Eighth District Court of Appeals Case No. CA-25-115267. His appellate brief was filed July 1, 2026. This Complaint does not allege that either conviction has been reversed, vacated, or otherwise invalidated.

26. This action seeks damages caused by Defendant Fronzaglio's use of force, rather than vacatur of the convictions, release from custody, appellate review of the state criminal judgments, or compensation for the sentence or time served.

27. Plaintiff does not ask this Court to determine that he was entitled to resist an arrest or that either conviction is invalid. His claim is limited to the amount and manner of force used in the face-first takedown and proceeds on the premise that Defendant Fronzaglio could lawfully detain or arrest Plaintiff and use force that was objectively reasonable under the circumstances.

28. Plaintiff's excessive-force claim concerns only the initial arm twist and face-first takedown. It does not seek damages for force used after Plaintiff was on the ground to secure his arms, and it does not depend on a finding that Plaintiff engaged in no resistance after the takedown.

**Count One**
**Excessive Force in Violation of the Fourth Amendment**
42 U.S.C. § 1983
Against Bernard Fronzaglio Individually

29. Plaintiff incorporates paragraphs 1 through 28 as though fully set forth in this Count.

30. The Fourth Amendment, applicable to state and local officers through the Fourteenth Amendment, protects a person against objectively unreasonable force during a seizure. This Count is brought under 42 U.S.C. § 1983 against Defendant Fronzaglio individually.

31. Defendant Fronzaglio seized Plaintiff by physical restraint and intentionally applied the force described above while exercising police authority.

32. Even assuming Defendant Fronzaglio had lawful authority to detain or arrest Plaintiff and to use some force, the degree and manner of force Defendant Fronzaglio used in twisting Plaintiff's arm and forcing him face-first to the ground were objectively unreasonable under the totality of the circumstances, including the suspected offenses, the absence of an immediate threat, and Plaintiff's conduct before the takedown.

33. Defendant Fronzaglio's application of that force directly and proximately caused Plaintiff's physical injuries, pain, and related emotional distress and need for therapy.

34. Plaintiff seeks compensatory damages in an amount established by the evidence for the injuries caused by the challenged force. Plaintiff also seeks nominal damages if a constitutional violation is established without proof of compensable injury.

35. Plaintiff further alleges that Defendant Fronzaglio's intentional use of the injurious takedown under the circumstances described reflected reckless or callous indifference to Plaintiff's federally protected rights, warranting punitive damages if that standard is established by the evidence.

**Count Two**

**Municipal Liability for Failure to Train**

42 U.S.C. § 1983 Against the City of Maple Heights

36. Plaintiff incorporates paragraphs 1 through 35 as though fully set forth in this Count.

37. This Count is brought against the City under 42 U.S.C. § 1983 and Monell v. Department of Social Services, 436 U.S. 658 (1978), for its own deliberately indifferent failure to train, rather than solely because it employed Fronzaglio.

38. Upon information and belief, before November 20, 2024, the City inadequately trained its officers, including Fronzaglio, to distinguish a person's failure to obey an order from active physical resistance, to select force proportionate to the actual threat and resistance, and to use available de-escalation and safe takedown techniques. These deficiencies concerned recurring street encounters in which officers demand identification or order a person to stop or sit down.

39. Before Plaintiff's encounter, the City had been a defendant in Williams v. City of Maple Heights, No. 1:08-cv-02374 (N.D. Ohio), filed October 7, 2008, involving allegations of excessive police force, including force against a person on the ground. The City was also sued in Fields v. Duncan, No. 1:23-cv-01078 (N.D. Ohio), filed May 29, 2023, concerning a fatal police shooting. The City answered the Fields complaint on July 25, 2023. These proceedings put the City on notice of allegations challenging its officers' use of force before Plaintiff's arrest. Plaintiff does not allege that the filing or settlement of a lawsuit itself establishes a constitutional violation.

40. Upon information and belief, despite notice of allegations of excessive force and the recurring need for officers to respond to noncompliance, the City's officials responsible for police training failed to provide adequate corrective instruction in the specific subjects identified above. Plaintiff alleges that their continued failure to correct those training deficiencies amounted to deliberate indifference to the rights of persons encountered by City officers.

41. Upon information and belief, the identified training deficiencies existed when Fronzaglio encountered Plaintiff and affected the training Fronzaglio received. The City maintains the records of its training curriculum, officer attendance, force reviews, and responses to prior complaints.

42. The training deficiencies alleged here were a moving force behind Fronzaglio's use of the challenged takedown: inadequate instruction on distinguishing noncompliance from physical resistance and choosing proportionate control techniques led to the injurious face-first takedown rather than a response proportionate to the circumstances. Plaintiff alleges that adequate training in those subjects would have prevented the excessive force and resulting injuries.

43. As a direct and proximate result of the City's alleged failure to train and the resulting Fourth Amendment violation, Plaintiff sustained the physical injuries, pain, emotional distress, and treatment needs described above. Plaintiff seeks compensatory damages and any appropriate nominal damages against the City, together with the other relief requested below. No punitive damages are requested against the City.

## Prayer for Relief

WHEREFORE, Plaintiff requests judgment against Bernard Fronzaglio in his individual capacity and the City of Maple Heights, each according to its respective liability, as follows:

A. Compensatory damages in an amount to be determined at trial for physical injury, pain, emotional distress, and reasonable treatment and therapy expenses proved to have resulted from the challenged force;

B. Nominal damages if appropriate;

C. Punitive damages against Bernard Fronzaglio individually only, upon the showing required by federal law;

D. Reasonable attorney fees and taxable costs as authorized by 42 U.S.C. § 1988 and other applicable law;

E. Prejudgment and postjudgment interest to the extent permitted by law; and

F. Such other relief as the Court finds just and proper, consistent with the limitations stated in this Complaint.

**Jury Demand**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,




11/19/2026

/s/ Rosel C. Hurley III
ROSEL C. HURLEY III (0083288)
Wikk Law
12800 Shaker Boulevard, Suite 230
Cleveland, Ohio 44120
Telephone: (216) 409-4152
Email: arnuma@gmail.com
Counsel for Plaintiff Gregory L. McDougall